IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:12-CR-0028-RWS-JCF |
| LARRY MCDANIEL, HOWARD | : | |
| BROWN, and SEAN KING | : | |

## <u>NON-FINAL REPORT AND RECOMMENDATION</u>

This case is before the Court on the motions to dismiss Count One of the Indictment filed by Defendants Sean King (Doc. 63), Larry McDaniel (Doc. 66), and Howard Brown (Doc. 67).  Because the Federal Bureau of Investigation ("FBI") lacks adjudicative and rulemaking powers, a criminal investigation conducted by the FBI is not a "proceeding" for purposes of 18 U.S.C. § 1505, and Count One of the Indictment fails to allege a violation of that statute.  Therefore, it is **RECOMMENDED** that Defendants' motions to dismiss Count One of the Indictment be **GRANTED**.

### <u>Procedural History</u>

Count One of an Indictment filed September 4, 2012 (Doc. 39) charges Defendants King, Brown, and McDaniel with obstructing and impeding "the due and proper administration of the law under which a proceeding was pending before the Federal Bureau of Investigation, an agency of the United States," by

influencing, obstructing, and impeding, and attempting to influence, obstruct, and impede, "an investigation being conducted by Special Agents of the Federal Bureau of Investigation in which D.B.S. was acting as a confidential informant," in violation of 18 U.S.C. § 1505 and 18 U.S.C. § 2 (aiding and abetting statute). Defendant McDaniel is also charged in Count Two with possession of a firearm by a convicted felon.

Defendant King filed a motion to dismiss the indictment on October 3, 2012. (Doc. 63).  Defendants Brown and McDaniel also filed motions to dismiss and adopted Defendant King's motion (Docs. 66, 67).  Defendant McDaniel then filed a supplemental brief in support of his motion (Doc. 70).  The Government filed a response to Defendants' motions (Doc. 80), and Defendants King and McDaniel filed reply briefs (Docs. 90, 91).  Briefing is complete, and the undersigned now considers the merits of Defendants' motions.

## Discussion

"[A]t any time while the case is pending, the court may hear a claim that the indictment . . . fails to invoke the court's jurisdiction or to state an offense[.]"  FED. R. CRIM. P. 12(b)(3)(B).  "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes."  *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006).

All Defendants move to dismiss Count One of the Indictment on the ground that it fails to state a criminal offense under 18 U.S.C. § 1505.[1]  Section 1505 provides in relevant part:

> Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States . . . [s]hall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism . . . , imprisoned not more than 8 years, or both.

18 U.S.C. § 1505.[2]  Defendants argue that the Government's allegations in Count One are insufficient to satisfy the elements of Section 1505 because an FBI investigation is not a "proceeding" under that statute.  (*See* Doc. 63, Def. Br. at 1-2; Doc. 70, Def. Br. at 1).  The Government responds that "the Court should find that an FBI investigation is a proceeding under Section 1505 and deny defendants' motions."  (Doc. 80, Gov't Resp. at 2).  The parties cite no Eleventh Circuit case law on this issue, and it appears that the Eleventh Circuit has not addressed

---

[1] In his supplemental brief (Doc. 70), Defendant McDaniel also argues that Count One should be dismissed on other grounds, including vagueness, i.e., the offense charged in Count One is insufficiently pled, and on First Amendment grounds. The undersigned does not address McDaniel's alternative grounds for dismissal because, as discussed below, the undersigned finds that Count One should be dismissed because the investigation at issue was not a "proceeding" for purposes of 18 U.S.C. § 1505.

[2] 18 U.S.C. § 1505 also criminalizes obstructing compliance "with any civil investigation demand duly and properly made under the Antitrust Civil Process Act," and obstructing the "due and proper exercise of the power or inquiry under which any inquiry or investigation is being had by [Congress]."

3

whether a criminal investigation by the FBI is a proceeding under Section 1505. Case law from other circuits, however, provides persuasive authority that an FBI criminal investigation is not a "proceeding" for purposes of 18 U.S.C. § 1505.[3]

The definition of the word "proceeding" as used in § 1505 is a question of law to be determined by the court.  *See United States v. Fruchtman*, 421 F.2d 1019, 1021 (6th Cir. 1970).  Courts have noted that, for purposes of § 1505, the term "proceeding" is defined broadly, " 'encompassing both the investigative and adjudicative functions of a department or agency.' "  *United States v. Pugh*, 404 Fed. Appx. 21, 25 (6th Cir. 2010) (unpublished decision) (quoting *Fruchtman*, 421 F.2d at 1021 ); *see also United States v. Senffner*, 280 F.3d 755, 761 (7th Cir. 2001) (noting that the term "proceeding" is "defined rather broadly"); *United States v. Schwartz*, 924 F.2d 410, 423 (2nd Cir. 1991) (same).  Even a broad definition has limits and in this instance, courts have generally found that only agencies that engage in rulemaking, adjudicative, or civil enforcement activities conduct "proceedings" for purposes of § 1505.

---

[3] The undersigned notes that in *United States v. Adams*, 335 Fed. Appx. 338 (4th Cir. 2009) (unpublished decision), the Government "concede[d] 'for purposes of [that] appeal that a criminal investigation by the [Drug Enforcement Agency] or [Federal Bureau of Investigation] is not a "pending proceeding" within the scope of 18 U.S.C. § 1505, and request[ed] that [the defendant's] conviction [on that count] be vacated.' " *Id.* at 342.   Thus, although here the Government takes the position that an FBI investigation is a proceeding under § 1505, in other cases it has not.

The few courts squarely addressing the issue have found that a purely federal law enforcement criminal investigation, including an FBI investigation, is not a proceeding under § 1505.  In *United States v. Higgins*, 511 F. Supp. 453 (W.D. Ky. 1981), for example, the court granted the defendant's motion to dismiss a § 1505 charge, where the defendant was alleged to have obstructed an FBI investigation.  *Id.* at 454.  The court acknowledged that in *Fruchtman*, the Sixth Circuit had stated that "proceeding" is a "term of broad scope, encompassing both the investigative and adjudicative functions of a department or agency."  *Id.* at 455.  The *Higgins* court concluded, however, that based on "careful examination of the case law and pertinent legislative history, the meaning of 'proceeding' in § 1505 must be limited to actions of an agency which related to some matter within the scope of the rulemaking or adjudicative power vested in the agency by law."  *Id.*  The court distinguished *Fruchtman*, which involved the Federal Trade Commission, "an agency which by law possesses both investigative **and adjudicative** functions," *Id.* (emphasis added).  The FBI, on the other hand, is a "criminal investigatory agency" with "no rulemaking or adjudicatory powers regarding the subject matter of this indictment."  *Id.*  Accordingly, the *Higgins* court found that an FBI investigation was not a "proceeding" within the meaning of § 1505.  *Id.* at 456.

In explaining why it found that an FBI investigation is not a "proceeding" under § 1505, the court in *Higgins* found "very persuasive" the legislative history of 18 U.S.C. § 1510, a statute which prohibits obstruction of criminal investigations. *Higgins*, 511 F. Supp. at 455. That legislative history supports a finding that § 1505 does not proscribe attempts to obstruct a criminal investigation before a proceeding is initiated. *See id.* In *United States v. Kohler*, 544 F.2d 1326 (5th Cir. 1977), the court noted the same legislative history referenced by the court in *Higgins*, i.e., House Report No. 658 dated September 21, 1967, which explained the purpose of passing § 1510:

> Sections 1503 and 1505 of chapter 73, title 18, presently prohibit attempts to influence, intimidate, impede, or injure a witness or juror in a judicial proceeding, a proceeding before a Federal agency, or an inquiry or investigation by either House of the Congress or a congressional committee. **However, attempts to obstruct a criminal investigation or inquiry before a proceeding has been initiated are not within the proscription of those sections**. The proposed legislation would remedy that deficiency by providing penalties for attempting to obstruct the communication to a Federal penal law, thus extending to informants and potential witnesses the protections now afforded witnesses and jurors in judicial, administrative, and congressional proceedings.

*Kohler*, 544 F.2d at 1328 n. 3 (quoting 1967 *U.S. Code Cong. & Admin. News* p. 1760 (emphasis added)); *see also United States v. Edgemon*, No. 3-95-cr-43, 1997 U.S. Dist. LEXIS 23820, at *16 (E.D. Tenn. Aug. 18, 1997) ("According to the legislative history of § 1505, an attempt to obstruct a criminal investigation before

any proceeding is pending is not covered by the proscriptions of the statute." (citing 1967 *U.S. Code Cong. & Admin. News*, p. 1760)).

In addition, the *Higgins* court observed, "It is significant to the Court that in the eighty-two years this statute or its predecessor has been on the books, it has apparently never been applied to a criminal investigation by a federal law enforcement agency." *Higgins*, 511 F. Supp. at 455. "Indeed, each reported decision applying this statute has involved an agency with rulemaking or adjudicative authority in addition to investigative functions." *Id.* (listing cases). A review of the case law since the 1981 *Higgins* decision reveals that the Government's position that a criminal investigation by the FBI is a proceeding under § 1505 lacks more contemporary support, as well. *See, e.g., Edgemon*, 1997 U.S. Dist. LEXIS 23820, at *16-18 (reasoning that "it would be inconsistent for this court to conclude that investigations conducted by the OIG are § 1505 proceedings while investigations conducted by the FBI, the agency after which the OIG is closely modeled, and the Attorney General, the agency to whom the OIG must report suspected criminal activity, are not § 1505 proceedings" and finding that "a mere criminal investigation by the [Office of the Inspector General was] not a proceeding for purposes of § 1505"); *United States v. Wright*, 704 F. Supp. 613, 614-15 (D. Md. 1989) (relying on *Higgins* and granting the defendant's motion to dismiss the § 1505 charge, based on an alleged false statement made during an

investigation by the United States Attorney's office, because "[t]he office of the United States Attorney for the District of Maryland does not, to this Court's knowledge, have either rule-making or adjudicative authority").

Even in cases where the courts found that **agency** investigations were "proceedings" under § 1505, the courts distinguished investigations conducted by agencies with adjudicative, rulemaking, or civil enforcement authority, such as the Internal Revenue Service ("IRS"), the Securities and Exchange Commission ("SEC"), or the Food and Drug Administration ("FDA"), from criminal investigations performed by law enforcement agencies without such authority, such as the FBI. *See, e.g.*, *Pugh*, 404 Fed. Appx. at 25-26 (noting that where agency investigations have been deemed to constitute proceedings under §1505, the agencies at issue had "some adjudicative power, or . . . power to enhance their investigations through the issuance of subpoenas or warrants," and finding that FDA investigation was a "proceeding" under § 1505 because "the FDA clearly possesses 'enhanced' investigative powers," such as the authority to conduct inspections of facilities); *United States v. Senffner*, 280 F.3d 755, 761 (7th Cir. 2002) (concluding investigation by SEC is a proceeding under § 1505 because "authority to issue subpoenas and administer oaths" distinguishes an investigative proceeding from "mere police investigation")); *United States v. Kelley*, 36 F.3d 1118, 1127 (D.C. Cir. 1994) (explaining that "[f]or an investigation to be

considered a proceeding [under § 1505], then, it must be more than a mere police investigation," i.e., an investigation by an agency "with some adjudicative power, or with the power to enhance their investigations through the issuance of subpoenas or warrants" such as the IRS or SEC); *United States v. Ballestas*, No. 97 Mag. 0843, 1997 U.S. Dist. LEXIS 6405, at *7-8 (S.D. N.Y. May 6, 1997) (explaining that, even if the agency conducts an investigation into criminal activity, it constitutes a proceeding under § 1505 if the "agency's investigation of suspected criminal activity [falls] within an area over which the agency also has *civil enforcement responsibility*" (emphasis added)); *United States v. Persico*, 520 F. Supp. 96, 101 (E.D. N.Y. 1981) (finding that, even though the IRS investigation was a criminal investigation, it was a proceeding under § 1505 because "[t]he I.R.S., unlike the F.B.I., has rulemaking powers," and "[t]hus, under the reasoning of the *Higgins* case, the criminal investigation [at issue] was an agency 'proceeding' within the scope of the I.R.S.'s rulemaking powers").[4]

---

[4] The Government urges the Court to "reach a similar result" as that reached in *United States v. Townsend*, 630 F.3d 1003 (11th Cir. 2011). (Doc. 80, Gov't Resp. at 4). In that case, the court appears to have assumed without deciding that, for purposes of 18 U.S.C. § 1512 (a statute prohibiting witness tampering), a Drug Enforcement Agency ("DEA") criminal investigation was an "official proceeding." *Townsend*, 630 F.3d at 1014. That decision does not justify concluding that an FBI investigation is a proceeding under § 1505 in light of the fact that the court in *Townsend* did not address whether an FBI investigation is a pending proceeding under § 1505. The undersigned further notes that, unlike the FBI, the DEA possesses rule-making and enhanced administrative investigative authority. *See, e.g., United States v. Adams*, 472 F. Supp. 2d 811, 817 n. 8 (W.D. Va. 2007)

<u>**Conclusion**</u>

Given the weight of authority, the reasoning articulated in the above-discussed cases, the legislative history of §§ 1505 and 1510, and the absence of contrary authority, the undersigned finds that the FBI investigation referenced in Count One of the Indictment was not a "proceeding" under 18 U.S.C. § 1505. Therefore, it is **RECOMMENDED** that Defendants' motions to dismiss Count One of the Indictment (Docs. 63, 66, 67) be **GRANTED**, and that Count One be **DISMISSED** as to all Defendants.

**IT IS SO REPORTED AND RECOMMENDED** this   29th   day of January, 2013.

_____
J. CLAY FULLER
United States Magistrate Judge

---

(explaining, in a case involving a joint FBI and DEA investigation that the DEA has rule-making authority, and therefore, the court was not required to "decide whether an FBI investigation alone would come within the scope of § 1505"); *see also United States v. Burka*, 700 F. Supp. 825, 827 (E.D. Pa. 1988) (describing the DEA's authority to conduct administrative inspections pursuant to inspection warrants).   The Government's assertion that it may present a superseding indictment to the grand jury charging a violation of § 1512 has no bearing on the resolution of the pending motion.  (*See* Doc. 80, Gov't Resp. at 5 n. 4).